OPINION
PER CURIAM:
This appeal on questions of law' from the Court of Common Pleas of Summit county is from a judgment entered upon a verdict of a jury which found the appellant guilty of manslaughter in the second degree.
The indictment upon which the conviction was obtianed charged the defendant with unlawfully and unintentionally killing Edward Fenton while the defendant was in the act of operating his automobile on a public highway in Summit county in violation of §§12603-1 and 6296-30 GC.
The evidence established these facts:
The accident occurred on Copley road, an improved highway, 16 feet in width, which runs in an easterly and westly direction. The deceased was driving his car at the time of the accident easterly, the defendant was proceeding-westerly, and a car driven by one William Bevan was proceeding westerly a short distance behind the defendant’s car. The defendant’s car and the deceased’s car “sideswiped” in passing, whicii caused the deceased’s car to proceed onto the north side of the highway and into collision with the car driven by William Bevan. The deceased came to his death as a direct result of this collision.
There is likewise evidence in the record tending to prove that the defendant was in a state of intoxication and under the influence of alcohol at the time of the accident, in violation of §6296-30 GC. Also there is evidence of skid marks on the pavement from which an inference may be drawn that the defendant was beyond the center line of the highway and to the south of said line at the time the cars “sideswiped.” Countering- this evidence, the defendant and a passenger in his car testified that at all times prior to the accident between their car and the car of the deceased, their car was “on their own right side of the highway,” and that the defendant was not intoxicated.
The speed of the defendant’s car was fairly definitely established by William Bevan, the only-witness to the accident with the exception of the deceased, the defendant, and the defendant’s passenger. He testified that the defendant was proceeding at a rate of about 35 miles an hour. He further testified that he could not tell whether the defendant was “on the right side of the road or not” at the time of the accident.
The evidence upon which the conviction was obtained was in most part of a circumstantial character, and this was especially true of the evidence which was offered *176 to prove that the defendant’s violation of §6296-30 GC was a proximate cause of the death of the deceased.
In considering the claimed errors urged by the appellant, attention is first directed to assignment No. 5. It charges: “There were special requests asked by the defendant which were not granted by the lower court.”
At the conclusion of the general charge of the court, counsel for the defense made the following request :
“* * * the defendant requests the court to charge this jury that the state must prove beyond a reasonable doubt before you can find the defendant guilty * * a that the violation of the statute or statutes by the defendant, if you so find, was such an act or acts or such conduct that a person of ordinary prudence would reasonably anticipate would result in death to some person.”
While this requested instruction was not technically correct, nevertheless it was sufficient to call to the court’s attention the rule announced by the Supreme Court of Ohio in another case which arose in Summit county. The rule is announced in the following language:
“1. Unlawful killing, as used in manslaughter, must be such as would naturally, logically and proximafcely result from the commission of some unlawful act as defined by statute, and such unlawful act must be one that would be reasonably anticipated by an ordinarily prudent person as likely to result in such killing.”
Black v State, 103 Oh St 434.
21 O. Sur., Homicide, §28, states the rule to be:
“Where an unintentional killing while in the commission of an unlawful act has been established, it is a further requirement that the violation of the statute must have been the proximate cause of the death — the killing must be such as would naturally, logically and proximately result from the commission of the unlawful act as defined by statute, and the unlawful act must be one that would reasonably be anticipated by an ordinarily prudent person as likely to result in such killing.” (See note 10, citing authorities for text.)
In negligence cases, this state has long adopted the rule of “foreseeability” or “reasonable anticipation” on the question of proximate cause.
29 O. Jur., Negligence, §68, states:
“It is a well-established rule that to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence alleged, and that it was such as might or ought to have been foreseen in the light of the attending circumstances. In contemplation of law, an injury that could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable. The responsibility of a defendant does not extend to consequences which cannot be regarded as the natural results of his conduct, and which, on that account, could not by ordinary forecast, be anticipated.” (Compare cases cited in footnotes for text authority.)
If a requested instruction by counsel for a defendant in a criminal case contains a correct statement of law, pertinent to the issues, or in substance calls to *177 the court’s attention a proposition of law pertinent to the issues, and the court fails to charge on such proposition, it may constitute error of a prejudicial nature.
In the instant case, although the attention of the court was specifically called to the rule so definitely established in this state, in both criminal and civil eases, no instruction was given to guide the jury on this aspect of the law of proximate cause. And while under ■some circumstances and in the absence of a specific request, the failure to so charge would in and of itself not be prejudicial error of which complaint could be made, nevertheless the failure to so charge in a close case, predicated on circumstantial evidence in the most part, and under circumstances as herein set forth, is error of a prejudicial nature.
Concerning the other errors assigned by appellant, we find no prejudicial error as to any of them. However, the members of the court are not unanimous in their conclusions as to whether or not the verdict is manifestly against the weight of the evidence.
For the reason hereinbefore indicated, the judgment must be reversed and the cause remanded to the Court of Common Pleas for a new trial.
Reversed and remanded.
.WASHBURN, PJ., DOYLE, J., and ' STEVENS, J., concur.